# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PATRICK R. SMITH and BRANDON S. HOLM, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 2:20-cv-630-JMS-DLP |
| WILLIAM P. BARR, in his official capacity as the Attorney General of the United States; MICHAEL CARVAJAL, in his official capacity as the Director of the Federal Bureau of Prisons; and T. J. WATSON, in his official capacity as Complex Warden for the Terre Haute Federal Correctional Complex, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO TAKE LIMITED, EXPEDITED DISCOVERY REGARDING (1) POSITIVE COVID-19 CASES AMONG EXECUTION TEAM MEMBERS AND FCC TERRE HAUTE STAFF AND (2) THE EXTENT TO WHICH ANY OF THOSE INDIVIDUALS INTERACTED WITH INMATES OR STAFF FROM FCI TERRE HAUTE**

In denying plaintiffs' motion for a preliminary injunction, the Court concluded that, "although conducting executions at this time may well result in more COVID-19 cases for those involved in the executions, the plaintiffs have not shown that increased risk extends to them, and thus have not shown a likelihood of success on the merits of their motion." Order Denying Motion for Preliminary Injunction at 1-2 (Dec. 8, 2020) (Dkt. 37). The Court also noted, however, that it was not able to obtain information from the defendants on various points that are directly relevant to showing a greater causal link between holding executions at FCC Terre Haute and an increased risk that plaintiffs will contract COVID-19:

> Counsel for the government did not know whether any of the 21 staff who are currently COVID-positive were among the 70 FCC staff who performed execution-related duties at Mr. Hall's execution. Although contact tracing for the six COVID-positive execution team members were presumably conducted, *see* dkt. 28-1 at ¶ 24, counsel for the government did not know if contact tracing for these individuals resulted in the discovery of additional COVID-19 cases at FCC Terre Haute. The Court is unfortunately hamstrung by the limited information the government chose to disclose.

*Id.* at 11.

Plaintiffs are of course equally hamstrung, as the best evidence of the causal link that the Court found lacking resides with the Bureau of Prisons and officials at FCC Terre Haute. Defendants came forth with specific information about the Execution Team members who tested positive after Mr. Hall's execution only because plaintiffs noted in their reply brief that the defendants had acknowledged "some" positive cases among Execution Team members but provided no details.  And they were able to supply that information quickly, within hours of obtaining plaintiffs' reply brief.  *See* Dkt. 33.

Plaintiffs greatly appreciate the Court's careful consideration of the issues presented in this case.  The issues are extremely important for all concerned.  For plaintiffs, they are a potentially a matter of life or death.  Another inmate from FCI Terre Haute (where plaintiffs are housed) died from COVID-19 this week,[1] one or more additional inmates appear to have recently died from USP Terre Haute, and the number of positive inmate cases at FCC Terre Haute now stands at **326** as of December 8, up from **264** on Dec 7 and **202** on Dec 4.  *See* https://www.bop.gov/coronavirus/ (visited 12/8/20).  That is why plaintiffs respectfully urge the Court to authorize plaintiffs to submit limited discovery requests to the defendants, to be responded to on an expedited basis.

---

[1]  "Inmate at federal prison dies of COVID-19 as positive cases exceed 300," https://www.tribstar.com/news/inmate-at-federal-prison-dies-of-covid-19-as-positive-cases-exceed-300/article_63143ce6-3994-11eb-bff3-9bff0a8a1850.html.

The discovery requests consist of three requests for documents and five interrogatories, as set forth below. The documents can be produced as attorneys' eyes only and with any filings submitted to the Court to be either filed under seal or filed using numeric or other alternative identifiers in lieu of the names of FCC Terre Haute employees or the Execution Team members. The name of any individual whose name is prohibited by law from being disclosed, such the executioners in the Death Room, can be redacted and replaced with alternative identifiers by the defendants.

Plaintiffs respectfully ask that the Court require the defendants to provide the requested discovery by midnight on December 9th, so that it can be reviewed and, if warranted, called to the Court's attention in advance of the execution of Brandon Bernard by way of a short motion for reconsideration of plaintiffs' emergency motion for a preliminary injunction. Mr. Bernard's execution is apparently scheduled for 6:00 pm on Thursday, December 10th. This is an extremely short response time, but the requested documents and information should be readily accessible to the defendants, and there is genuine urgency given the two executions scheduled for Thursday and Friday of this week. If the Court concludes that imposing a response deadline of midnight tonight is not reasonable notwithstanding the urgency of the current situation, plaintiffs respectfully ask the Court to order the defendants to respond to plaintiffs' discovery requests by the close of business on December 15th, so that documents and interrogatory responses can be reviewed and, if warranted, called to the Court's attention in advance of the three executions that are scheduled in January 2020.

The document requests and interrogatories that plaintiffs would like the defendants to respond to are as follow:

**Document Requests**:

1. Complete contact tracing records for the staff member who was identified as testing positive in *Hartkemeyer v. Barr*, 2:20-cv-0336-MMS-DLP, Dkt. 77-1,[2] including records

---

[2] We have attached as Exhibit 1 a handful of contact tracing records that were obtained by the ACLU through FOIA requests. They are heavily redacted and do not appear to be a complete set of the records

identifying all inmates who were exposed to that staff member and the results of any COVID-19 tests administered to those prisoners. The Court discussed the contact tracing of this staff member on p. 9 of its Order Denying Motion for Preliminary Injunction.

2. Complete contact tracing records and COVID-19 test records for every member of any Execution Team who tested positive for COVID-19 within three weeks of any of the executions that were held at FCC Terre Haute in August or September 2020 (a total of four executions) or in November 2020 (Mr. Hall's execution), including but not limited to the eight (8) members of the Execution Team for Mr. Hall's execution who were referenced in this case in the Declaration of Rick Winter at ¶ 8 (ECF 33-2) (Dec. 7, 2020).

3. Complete contact tracing records and COVID-19 test records for all FCC Terre Haute staff members who tested positive for COVID-19 within three weeks of assisting in any way in any of the executions that were held at FCC Terre Haute in August or September 2020 (a total of four executions) or in November 2020 (Mr. Hall's execution).

**Interrogatories:**

1. Identify all employees of FCC Terre Haute whose work duties include working at FCI Terre Haute who assisted in any way in the executions held at FCC Terre Haute in August, September and November 2020; identify the executions on which they assisted; provide a short description of their execution-related responsibilities for each execution; and state whether and when each such employee has tested positive for COVID-19.

2. Identify the number of FCC Terre Haute employees whose work duties include working at FCI Terre Haute who have tested positive for COVID-19, and provide for each employee the date on which he or she tested positive.

3. Identify the number of employees from FCC Terre Haute who assisted in any of the executions held at FCC Terre Haute and who tested positive for COVID-19 within three weeks

---

that are associated with a given instance of contact tracing, but they show the type of information that contract tracing records will disclose, including which unit/facility the employee worked in within 48 hours prior to testing positive, the number of known staff and inmate contacts, and whether the staff members had contact with the employee in question wore masks. These are also found as Filing No. 13-28 (11/30/20).

of an execution on which they assisted, and provide the dates on which each such employee tested positive.

4. Identify the number of Execution Team members and FCC Terre Haute staff members who tested positive for COVID-19 following the executions held at FCC Terre Haute in August, September, and November 2020 but for whom defendants do not have contact tracing records, and state why such records do not exist.

5. For the executions held in August, September and November 2020, identify all instances in which members of an Execution Team (a) spent time in any buildings in FCI Terre Haute or (b) interacted with any inmates other the inmate who was executed, and state for each such instance why the team member was at FCI Terre Haute or interacted with the inmate(s).

## CONCLUSION

Plaintiffs ask the Court to allow the limited discovery set forth above, and to require the defendants to provide documents and interrogatory responses on an expedited basis, ideally by midnight on December 9, 2020, but in all events by the close of business on December 15, 2020.

Dated:  December 9, 2020            Respectfully submitted,

/s/ *Robert A. Burgoyne* _____

John R. Maley
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana  46204-3535
Telephone:  (317) 231-7464 (direct)
John.maley@btlaw.com

Robert A. Burgoyne, *pro hac vice*
Caroline M. Mew, *pro hac vice*
Perkins Coie LLP
700 13th St. NW, Suite 800
Washington, DC 20005-3960
Telephone:  (202) 654-1767
rburgoyne@perkinscoie.com
cmew@perkinscoie.com

Attorneys for Plaintiffs

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2020, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.

Respectfully submitted,

*/s/ Robert A. Burgoyne*
Robert A. Burgoyne
