UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PATRICK R. SMITH and BRANDON S. HOLM, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 2:20-cv-00630-JMS-DLP |
| WILLIAM P. BARR, in his official capacity as the Attorney General of the United States, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STAY DISCOVERY**

The Federal Defendants respectfully request that the Court stay discovery in this case for the following reasons:

1. Two weeks ago, the Plaintiffs filed a Complaint against the Defendants in their official capacities asking the Court to enjoin the Defendants from carrying out any federal executions until the COVID-19 pandemic has passed. The Parties have not conducted a Rule 26(f) conference and the Defendants' deadline to answer or otherwise respond to the Complaint has not elapsed.

2. The Plaintiffs have already filed a Motion for Preliminary Injunction in this case, which this Court denied, finding that Plaintiffs are unlikely to succeed on the merits of their claim. [*See generally* Filing No. 37.]

3. On December 9, 2020, Plaintiffs filed a Motion to Expedite Discovery and tendered Interrogatories and Requests for Production of Documents. [Filing No. 40.] The discovery requests seek extensive and detailed information regarding staffing at the FCC Terre Haute; staffing of federal executions; health information regarding BOP employees and inmates; and contact tracing

of Covid 19 cases. [*Id.*] The requests require responses related to more than one hundred BOP staff members at multiple Institutions around the country.

4. This Court has discretion under Fed. Rule Civ. P. 26(c) and (d) to limit discovery or order that discovery be conducted in a particular sequence. *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988); *Landstrom v. Illinois Dept. Of Children & Family Serv.*, 892 F.2d 670, 674 (7th Cir. 1990). Courts have routinely stayed discovery while a dispositive motion is pending for the court's and the parties' efficiency. *Landstrom*, 892 F.2d at 674 (holding that it is proper to stay discovery pending resolution of qualified immunity claims); *Sprague v. Brook*, 149 F.R.D. 575 (N.D. Ill. 1993) (staying discovery pending resolution of motion to dismiss).

5. Here, the Defendants plan to file a motion to dismiss the Complaint for failure to state a claim, which warrants the dismissal of Plaintiffs' Complaint. Plaintiffs' requested discovery will not salvage their Complaint. The Court denied the Plaintiffs' motion for preliminary injunction because the Plaintiffs did not meet their burden of showing a likelihood of success on the merits or irreparable injury, and because the balancing of pubic interests does not weigh in their favor. Plaintiffs now appear to be seeking expedited discovery in a renewed effort to file another motion for preliminary injunction (or motion to reconsider) and halt the executions scheduled for January. But their requested discovery would not lead to a different outcome because they still will not be able to show a causal relationship between the executions and the rate of COVID-19 infections in the prison population generally, which the Court has already acknowledged. [Filing No. 37 at 14.] Nor will Plaintiff's proposed discovery fix the other legal deficiencies in their motion for preliminary injunction; namely, the Seventh Circuit's directive that the Attorney General has discretion to schedule court-ordered executions, "pandemic or no." [Filing No. 37 at 14 (citing *Peterson v. Barr*, 965 F.3d 549, 552−53 (7th Cir. 2020) (rejecting as "frivolous" a

victim's grandmother's claim to postpone the execution until after the resolution of the COVID-19 pandemic to ensure she could safely witness it)]. Therefore, there is no reason to conduct extensive factual discovery until the motion to dismiss is ruled upon.

6. Moreover, a stay of discovery pending the outcome of the motion will not unduly delay these proceedings and would save the Defendants the time and expense that would otherwise have to be expended responding to discovery that may be unnecessary. On the contrary, it would reduce the burden of discovery and litigation upon the Parties and the Court. As discussed in their opposition to the Motion for Expedited Discovery, the requests served upon the Defendants are extraordinarily broad and burdensome. Attempting to compile the requested documents and information would likely take more than the typical thirty day timeline and will impose a significant burden on the Bureau of Prisons.

7. Finally, the stay serves to simplify the issues in this case. Should the Court deny the Defendants' motion to dismiss, the Parties would have the benefit of the Court's ruling and guidance as to the remaining claim or claims, and could conduct discovery and establish case management deadlines accordingly.

Based on the foregoing, the Court should stay all discovery pending the Court's rulings on the Defendants' Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court should grant the Defendants' Motion to Stay Discovery.

Dated: Dec. 9, 2020                                  Respectfully submitted,

                                                     JOHN C. CHILDRESS
                                                     Acting United States Attorney

BY:                                                  *s/ Shelese Woods*
                                                     Shelese Woods
                                                     Assistant United States Attorney

                                                     Brigham J. Bowen
                                                     Assistant Director

                                                     Lisa A. Olson
                                                     Jordan L. Von Bokern
                                                     U.S. Department of Justice
                                                     Civil Division, Federal Programs Branch
                                                     1100 L Street, N.W.
                                                     Washington, DC 20001
                                                     (202) 305-7919
                                                     Lisa.olson@usdoj.gov
                                                     Jordan.L.Von.Bokern2@usdoj.gov

                                                     *Counsel for Defendants*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2020, the foregoing was filed electronically through ECF/CM. On this same date, electronic service will be made to all counsel of record through the Court's ECF/CM system.

s/ *Shelese Woods*
Shelese Woods
Assistant United States Attorney
