UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PATRICK R. SMITH and BRANDON S. HOLM, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 2:20-cv-00630-JMS-DLP |
| WILLIAM P. BARR, in his official capacity as the Attorney General of the United States, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR EXPEDITED DISCOVERY [FILING NO. 40]**

No discovery is necessary in this case, much less discovery on an expedited basis. Furthermore, any discovery should be stayed pending resolution of the motion to dismiss Defendants intend to file. For these reasons, Plaintiffs' motion for leave to take expedited discovery [Filing No. 40] should be denied.

**1. Discovery Should Be Stayed Because It Will Not Aid in Resolving This Case**

Defendants have filed a Motion to Stay Discovery contemporaneously with this Response on the basis that they intend to file a motion to dismiss Plaintiffs' Complaint. The Court has already denied Plaintiffs' motion for preliminary injunction because they did not meet their burden of showing a likelihood of success on the merits or irreparable injury, and because the balancing of pubic interests does not weigh in their favor. [Filing No. 37.] Plaintiffs now appear to be seeking expedited discovery in a renewed effort to file another motion for preliminary injunction (or motion to reconsider) and halt the executions scheduled for January.

But any such attempt will run directly into this Court's holdings in the course of rejecting

Plaintiffs' request for preliminary injunctive relief. The Defendants' declarations established that the execution facility at Federal Correctional Center (FCC) Terre Haute is physically separate from the Federal Correctional Institution (FCI) Terre Haute where Plaintiffs are housed and physically separated by perimeter fencing and razor wire. [Filing No. 37 at 6.] Interaction between the execution team and FCC Terre Haute staff is extremely limited, and members of the execution team generally do not even enter the FCI or interact with inmates there. [Filing No. 37 at 8.] Plaintiffs do not interact with inmates on death row or with anyone in the execution facility. [Filing No. 37 at 10.]

Plaintiffs' attempts to identify the individual members of the execution team who may have had COVID-19 and to uncover whatever contact tracing was undertaken would therefore do nothing to rebut the conclusion that the separation of the FCI and the execution facility minimizes the risk of COVID-19 transmission to inmates in the FCI. Indeed, the Court already evaluated their claim that Mr. Nur contracted COVID-19 through Orlando Hall's execution, and determined that it did not support the grant of a preliminary injunction. And Plaintiffs' attempts to show a causal relationship between the executions and the rate of COVID-19 infections in the prison population generally were similarly rejected. [Filing No. 37 at 14.]

Plaintiffs' proposed discovery will also not detract from the other factors which the Court took into account. Defendants' efforts at contact tracing will have no bearing on the Government's overwhelming interest in the timely enforcement of criminal sentences, *see Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019), nor the Seventh Circuit's directive that the Attorney General has discretion to schedule court-ordered executions, "pandemic or no." [Filing No. 37 at 14 (citing *Peterson v. Barr*, 965 F.3d 549, 552−53 (7th Cir. 2020) (rejecting as "frivolous" a victim's grandmother's claim to postpone the execution until after the resolution of

2

the COVID-19 pandemic to ensure she could safely witness it)]. Thus, discovery is unnecessary here.

### 2. There Is No Good Cause for Expedited Discovery

Should discovery not be stayed, Plaintiffs have not shown good cause for expedited discovery, which is not the norm and requires leave of court. *Roche Diagnostics Corp. v. Medical Automation Systems, Inc.*, 2011 WL 130098, *3 (S.D. Ind. Jan. 14, 2011); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. May 19, 2000). Although a pending motion for preliminary injunction may justify expedited discovery, Plaintiffs' motion here has already been denied, so this is not a compelling factor. *Roche*, 2011 WL 130098 at *3.[1] As in all cases, deciding whether to permit expedited discovery, and the scope of any expedited discovery, depends on the facts and circumstances of the particular matter, and requires a demonstration why the requested discovery, on an expedited basis, is appropriate for the fair adjudication of issues before the court. *Id.* (citing *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 259 F.R.D. 385, 387 (E.D. Wis. 2009)); *Philadelphia Newspapers, Inc. v. Gannett Satellite Information Network, Inc.*, 1998 WL 404820 at *2 (E.D. Pa. July 15, 1998) (denying request for expedited discovery when the discovery requests were not "reasonably tailored" to the time constraints for taking the discovery prior to the preliminary injunction hearing or the "specific issues that will be determined at the preliminary injunction hearing").

As indicated above, discovery would not show that Defendants' actions have been deliberately indifferent or that the balance of equities and the public interest favor halting all

---

[1] Some federal courts borrow the "*Notaro*" preliminary injunction factors to decide whether expedited discovery is warranted. *See e.g., Orlando v. CFS Bancorp, Inc.*, 2013 WL 12329547, *3 (N.D. Ind. Oct. 10, 2013); *St. Louis Group, Inc. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 239-40 (S.D. Tex. 2011) (citing *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982)). This standard would also weigh against granting Plaintiffs' motion.

3

federal executions, so expedited discovery is unwarranted.

Moreover, Plaintiffs' own delay in bringing this case underscores that expedited discovery is unwarranted. Plaintiffs' Complaint was filed two weeks ago, no Rule 26(f) conference has occurred, and Defendants' deadline to respond to the Complaint has not even elapsed. Plaintiffs have been aware of the pending federal executions and the COVID-19 pandemic for many months, but they tendered their discovery requests only today, asking for responses in less than a week (by close of business on December 15, 2020).[2] Plaintiffs offer no excuse for this delay, arguing instead potential imminent harm caused by the executions, but this is not sufficient, particularly given the Court's decision denying a preliminary injunction. *See Orlando v. v. CFS Bancorp, Inc.*, 2013 WL 12329547, *2 (N.D. Ind. Oct. 10, 2013) (noting delay in making document requests as basis for denying motion for expedited discovery).

Plaintiffs' Motion is also unduly burdensome. Given the time constraints imposed by both Plaintiffs' request and the impending executions, and the complex nature of the proposed discovery, it would be unduly burdensome and virtually impossible for the Defendants to provide responses in less than a week. *See Edgenet, Inc.*, 259 F.R.D. at 387 (in deciding whether to grant expedited discovery, the court assesses the need for the discovery against its burden to the responding party based on the "entirety of the record to date and the reasonableness of the request in light of the surrounding circumstances")

Plaintiffs have requested numerous documents related to contact tracing, which would need to be reviewed and redacted before production, ensuring that the information is produced in a manner that protects the privacy of both employees and inmates. Moreover, the requests on

---

[2] In their Motion, Plaintiffs seek discovery responses by midnight tonight or by close of business December 15, 2020. The Court ordered Defendants to respond to the Motion by midnight, essentially rendering Plaintiffs' initial request moot.

4

their face require the production of documents that may be housed not only at FCC Terre Haute, but also at the numerous other home facilities where members of the execution team work, which are spread all over the country. The Defendants cannot meaningfully gather and review these documents within the proposed timeframe.

Responding to the Interrogatories would require an even heavier lift. Responding to Interrogatory No. 1 requires pulling rosters for all staff members from the days of the executions and interviewing the staff members who may have either been involved in some aspect of the execution or who may have come into contact with a member of the execution team to provide the responsive information. The same would be true of responding to the remaining Interrogatories, particularly Interrogatory No. 5, which would require interviewing all members of the execution teams to obtain accurate responsive information.

In sum, Plaintiffs' request for expedited discovery in less than one week should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Expedited Discovery should be denied.

Dated: Dec. 9, 2020

Respectfully submitted,

JOHN C. CHILDRESS
Acting United States Attorney

BY: *s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney

Brigham J. Bowen
Assistant Director

Lisa A. Olson
Jordan L. Von Bokern
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20001
(202) 305-7919
Lisa.olson@usdoj.gov
Jordan.L.Von.Bokern2@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2020, the foregoing was filed electronically through ECF/CM. On this same date, electronic service will be made to all counsel of record through the Court's ECF/CM system.

/s/ *Shelese Woods*
Shelese Woods
Assistant United States Attorney