# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PATRICK R. SMITH and BRANDON S. HOLM, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) WILLIAM P. BARR, in his official capacity as the Attorney General of the United States, *et al.*, ) ) ) ) ) Defendants. ) | Cause No. 2:20-cv-00630-JMS-DLP |

**DEFENDANTS' RESPONSES TO INTERROGATORIES**

The Federal Defendants respectfully respond to the Plaintiffs' expedited Interrogatories as follows:

**GENERAL STATEMENT AND OBJECTIONS**

The Defendants have been ordered to respond to the Plaintiffs' first Interrogatories on an expedited basis. The Defendants are in good faith attempting to gather all responsive information in an expedited fashion in order to respond fully and completely to the Interrogatories. To the extent the Defendants are unable to obtain all of the responsive information, or obtain additional responsive information, they will supplement the responses pursuant to Fed. R. Civ. P. 26.

The Defendants object to the Plaintiff's Instructions to the extent that they purport to require more from the Defendants than is required under Federal Rules of Civil Procedure 33 or 26.

## RESPONSES

**INTERROGATORY NO. 1**: Identify all employees of FCC Terre Haute whose work duties include working at FCI Terre Haute who assisted in any way in the executions held at FCC Terre Haute in August, September and November 2020; identify the executions on which they assisted; provide a short description of their execution-related responsibilities for each execution; and state whether and when each such employee has tested positive for COVID-19.

**RESPONSE**: Defendants object to this Interrogatory on the basis that it is not relevant to the allegations made in this case and is not likely to lead to the discovery of admissible evidence. Defendants also object on the basis that the term "assisted" is vague and unclear. Defendants also object to providing the names of or personally identifiable information related to staff members who tested positive, or the individuals named in any contact investigation. Finally, Defendants object to providing the names of BOP staff members who assisted with duties related to the execution or a detailed description of execution related responsibilities, as doing so could jeopardize the safety, security, and orderly operation of the institution.

Subject to and without waiving these objections, Defendants refer the Plaintiffs to their response to Request for Production No. 3. Defendants further respond that the Bureau of Prisons has conducted a search for contact tracing records related to any and all staff members who: 1) work in the FCI Terre Haute, and 2) assisted in the executions in August or September 2020 (a total of four executions) or in November 2020 (Mr. Hall's execution), and 3) also tested positive for COVID-19 within three weeks of those executions. To date, the BOP has identified no staff members who met these criteria.

2

However, there was one FCC Terre Haute staff member who worked in the USP Terre Haute, tested positive for COVID-19 within three weeks of the above-mentioned executions, and who was tangentially involved in duties related to carrying out the executions. Specifically, this staff member was assigned to perimeter security, which largely involved being outside or in his vehicle. Defendants produce the redacted contact tracing records for this staff member.

**INTERROGATORY NO. 2**: Identify the number of FCC Terre Haute employees whose work duties include working at FCI Terre Haute who have tested positive for COVID-19, and provide for each employee the date on which he or she tested positive.

**RESPONSE**: Defendants object to this Interrogatory on the basis that it is not relevant to the allegations made in this case and is not likely to lead to the discovery of admissible evidence. Defendants also object on the basis that the Interrogatory is overly broad, as it asks for information without any temporal limitation.

Subject to and without waiving these objections, Defendants refer the Plaintiffs to https:///www.bop.gov/coronavirus, which identifies the number of FCI Terre Haute employees who have tested positive for COVID-19 and the number who have recovered. Defendants also refer the Plaintiffs to https://oig.justice.gov/coronavirus, which provides a dashboard showing the number of FCI Terre Haute employees who have tested positive for COVID-19 by date.

**INTERROGATORY NO. 3**: Identify the number of employees from FCC Terre Haute who assisted in any of the executions held at FCC Terre Haute and who tested positive for COVID-19 within three weeks of an execution on which they assisted and provide the dates on which each such employee tested positive.

**RESPONSE:** Defendants object to this Interrogatory on the basis that it is not relevant to the allegations made in this case and is not likely to lead to the discovery of admissible evidence. Defendants also object on the basis that the term "assisted" is vague and unclear. Defendants also object to providing personally identifiable information related to the staff member who tested positive, or the individuals named in the contact investigation. Defendants also object to providing the exact date of the positive tests, as doing so could lead to identifying a member of the execution team. Finally, Defendants object to providing a specific description of execution related responsibilities, as doing so could jeopardize the safety, security, and orderly operation of the institution.

Subject to and without waiving these objections, Defendants refer Plaintiffs to their responses to Request for Production No. 3 and Interrogatory No. 1.

**INTERROGATORY NO. 4:** Identify the number of Execution Team members and FCC Terre Haute staff members who tested positive for COVID-19 following the executions held at FCC Terre Haute in August, September, and November 2020 but for whom defendants do not have contact tracing records, and state why such records do not exist.

**RESPONSE:** Defendants object to this Interrogatory on the basis that it is not relevant to the allegations made in this case and is not likely to lead to the discovery of admissible evidence. Specifically, as established in this case, the FCI Terre Haute, where the Plaintiffs are housed, is physically separate from the execution facility and execution team members generally do not even enter the FCI or come into contact with inmates in the FCI. Defendants also object to providing personally identifiable information related to the staff member who tested positive, or the individuals named in the contact investigation. Defendants also object to providing the exact date of the positive tests, as doing so could lead to identifying a member of the execution team.

4

Defendants also object to producing any contact tracing from team members home institutions, as such investigations are not relevant to FCC Terre Haute.

Subject to and without waiving these objections, the Defendants state that eight BOP execution team members tested positive for COVID-19 within the timeframe referenced above; while a total of nine BOP staff members tested positive for COVID-19 within three weeks of the executions referenced above. One staff member tested positive the week of August 9; six staff members tested positive within one week after return home after the November 19 execution; and two staff members tested positive more than 1 week after returning home from the November 19 execution. Defendants state that they do not possess the test results for these individuals because the tests were conducted by outside, third-party providers, not the Bureau of Prisons. The Defendants also state that the Bureau of Prisons conducted contact tracing for one of the staff members at his home Institution; however, the Defendants do not possess responsive documents regarding the other eight staff members because the Bureau of Prisons did not conduct the contact tracing for those individuals. By way of explanation, the execution team is comprised of members from various BOP locations and was designed to protect the confidentiality of its members. Therefore, when team members report back to their home institution, the institution staff may not know that the employee was a member of the execution team in order to contract trace them, nor do they generally know the identities of other staff members who are part of the execution team. Moreover, some execution team members who tested positive did not return to work at their home institution until meeting CDC guidelines; therefore negating the need for contact tracing at all. Defendants have produced the redacted contact tracing records for the one execution team staff member for whom it possesses responsive records. This record relates to one of the staff members who tested positive within 1

5

week after returning home from the November 19 execution. Defendants state that the staff member did not identify any FCC Terre Haute staff members or inmates in this contact tracing record, nor is there any reference to FCC Terre Haute in the contact tracing records.

**INTERROGATORY NO. 5:** For the executions held in August, September and November 2020, identify all instances in which members of an Execution Team (a) spent time in any buildings in FCI Terre Haute or (b) interacted with any inmates other than the inmate who was executed, and state for each such instance why the team member was at FCI Terre Haute or interacted with the inmate(s).

**RESPONSE:** Defendants object to this Interrogatory on the basis that the word "interacted" is vague and unclear. Defendants further object to this Interrogatory to the extent it may call for information relating to interactions with inmates who are not in the FCI on the basis that it is not relevant to the allegations made in this case and is not likely to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants state that there are no instances in which members of an execution team spent time in the FCI Terre Haute or interacted with any inmates in FCI Terre Haute.

6

I hereby affirm under the penalties for perjury that the foregoing responses to Plaintiffs' Interrogatories are true and accurate.

_____      __12/15/20__
Warden T.J. Watson                              Date

AS TO OBJECTIONS:

JOHN C. CHILDRESS
Acting United States Attorney

BY:    *s/ Shelese Woods*
        Shelese Woods
        Assistant United States Attorney

        Brigham J. Bowen
        Assistant Director

        Lisa A. Olson
        Jordan L. Von Bokern
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street, N.W.
        Washington, DC 20001
        (202) 305-7919
        Lisa.olson@usdoj.gov
        Jordan.L.Von.Bokern2@usdoj.gov

        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2020, the foregoing was served via electronic mail and by U.S. mail, first class postage pre-paid addressed to the following counsel of record:

Robert A. Burgoyne
Caroline New
Perkins Coie LLP
700 13th Street, N.W.
Suite 600
Washington, D.C. 20005

s/ *Shelese Woods*
Shelese Woods
Assistant United States Attorney

8