UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PATRICK R. SMITH and BRANDON S. HOLM, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY ROSEN in his official capacity as the Acting Attorney General of the United States, *et al.*, <br><br> Defendants. | Cause No. 2:20-cv-00630-JMS-DLP |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' "EMERGENCY MOTION FOR PRE- AND POST-EXECUTION COMPLIANCE REPORTS"**

Plaintiffs have repeatedly sought to halt pending federal executions, the next three of which are scheduled for January 12, 14, and 15. This Court rejected the most recent effort on the afternoon of Thursday, January 7, and ordered that the executions can proceed if defendants follow certain practices relating to mask usage, contact tracing, and testing for FCC Terre Haute staff. ECF Nos. 55, 56. Plaintiffs then waited until the night of Sunday, January 10 to file a two-page "emergency motion" demanding within 24 hours a rolling production of pre- and post-execution reports from defendants regarding their compliance with the injunction. Apparently not believing that this Court's order "describe[s] in reasonable detail … the act or acts restrained or required," Fed. R. Civ. Pro. 65(d)(1)(C), plaintiffs want an opportunity to evaluate in advance any measures that defendants institute to comply with the injunction. And after the executions take place, rather than carry their burden of showing that the government failed to comply with the injunction, plaintiffs want to establish an abusive alternate set of proceedings in which defendants must repeatedly assure the Court of compliance while plaintiffs inform the Court if

they "have any concerns." ECF No. 57-1 at 2. The Court should reject this unnecessary, burdensome, and inappropriate request.

Requiring defendants to preclear their anticipated COVID precautions with plaintiffs would be improper. This Court has already twice rejected plaintiffs' proposed COVID measures, the second time deciding on "a less onerous set of precautions than those the plaintiffs propose." ECF No. 55 at 20. Plaintiffs' desire for further review of, and control over, FCC Terre Haute's COVID precautions is therefore not justified by this Court's previous ruling or by the relevant factual record and legal standards. Such a process only risks spawning further collateral proceedings regarding plaintiffs' dissatisfaction with the level of detail provided and the adequacy of measures that this Court already acknowledged were not what plaintiffs wanted. *Id.*

And plaintiffs have not offered any reason to conclude that defendants will fail to comply with this Court's preliminary injunction. Defendants have not filed an appeal from the Court's preliminary injunction, and they intend to comply with the Court's preliminary injunction while conducting the scheduled executions.  Instead, plaintiffs' request is couched in their generalized concern that it is "not clear" how defendants' compliance "will be implemented and confirmed." ECF No. 57 at 2. But that is not a complaint about anticipated noncompliance, it is instead a speculative worry that ignores the presumption that the federal government will comply with this Court's orders, which can only be overcome with clear and convincing evidence. *See Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008).  Plaintiffs have received an injunction laying out the relief to which this Court concluded they are entitled, and they are not entitled to further preliminary proceedings designed to push at the edges of the Court's previous order. If plaintiffs are instead arguing that the injunction is not sufficiently clear to instruct defendants on what acts are required or prohibited, they are arguing that the injunction

itself violates Rule 65 and is improper. *See* Fed. R. Civ. Pro. 65(d)(1)(C) ("Every order granting an injunction and every restraining order must … describe in reasonable detail … the act or acts restrained or required."). Either way, plaintiffs cannot show that they are entitled to yet a further round of litigation over the steps defendants should take to reduce the risk of COVID.

      The same infirmities exist for their proposal of post-execution reports. The request is ill-designed to do anything except burden the Court and the parties with further collateral filings and proceedings that are ultimately not beneficial to ensuring compliance with the preliminary injunction. At the outset, it is unclear what plaintiffs envision these reports will contain. They request a report "listing all steps taken by Defendants to comply with the Court's Order," ECF No. 57-1 at 2, but plaintiffs offer no explanation why that list of steps would not merely be duplicative of the injunction itself, of the requested pre-execution report's description of injunction compliance, and of the other requested post-execution reports. Equally inscrutable is plaintiffs' insistence that a "sworn declaration" be supplemented by "documentation demonstrating compliance." ECF No. 57-1 at 2. If plaintiffs want the sensitive personnel records and medical documentation that may be generated during compliance with the preliminary injunction, such as the identities of any staff members who may test positive for COVID, releasing such information would be inappropriate and would offer no useful information to gauge compliance with the preliminary injunction. And to the extent plaintiffs want new documentation to be generated solely for purposes of satisfying their demands for particular documentation of compliance, they are proposing that defendants and their agents be required to generate and produce potentially voluminous and burdensome records.

      That likelihood of wasteful proceedings is reinforced by plaintiffs' own vision for how the reports would be handled. Plaintiffs envision themselves as the Court-appointed monitor of

defendants' COVID precautions—they would not need to prove or allege a violation of the injunction, but instead would have the opportunity to review each report and file "a response" that raises "any concerns" plaintiffs have. ECF No. 57-1 at 2. In essence, plaintiffs do not want the opportunity to prove noncompliance; they want to burden the government and this Court with seriatim BOP declarations over which plaintiffs can quibble. That exactly reverses the procedural protections to which defendants are entitled. A court ordinarily must presume that a party has complied with a court order; to prove noncompliance, the accusing party has the burden to show that "(1) the Order sets forth an unambiguous command; (2) [defendants] violated that command; (3) [defendants'] violation was significant, meaning it did not substantially comply with the Order; and (4) [defendants] failed to take steps to reasonabl[y] and diligently comply with the Order." *Prima Tek II, L.L.C.*, 525 F.3d at 542. Plaintiffs' demand to dictate the terms of proving compliance far exceeds the equitable principles that govern here.

      Plaintiffs have twice failed to obtain the relief they sought, which was to formally or effectively prohibit the scheduled federal executions from proceeding. Now that they have a narrower injunction imposing certain COVID precautions, they should not be permitted to convert it into a Court-appointed COVID monitorship that stretches the granted relief beyond its bounds and subjects defendants to a flurry of picayune filings that ultimately offer little value with respect to the relief this Court has ordered. For the foregoing reasons, plaintiffs' motion should be denied.

Dated: Jan. 11, 2021                    Respectfully submitted,

                                        JOHN C. CHILDRESS
                                        Acting United States Attorney

                                        Shelese Woods
                                        Assistant United States Attorney

                                        Brigham J. Bowen
                                        Assistant Director

                                        */s/ Jordan L. Von Bokern*
                                        Lisa A. Olson
                                        Jordan L. Von Bokern
                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street, N.W.
                                        Washington, DC 20001
                                        (202) 305-7919
                                        Lisa.Olson@usdoj.gov
                                        Jordan.L.Von.Bokern2@usdoj.gov

                                        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2021, the foregoing was filed electronically through ECF/CM. On this same date, electronic service will be made to all counsel of record through the Court's ECF/CM system.

                                                */s/ Jordan L. Von Bokern*
                                                Jordan L. Von Bokern
                                                Trial Attorney