UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PATRICK R. SMITH and <br> BRANDON S. HOLM, individually and <br> on behalf of all others similarly situated, <br> <br> Plaintiffs, <br> <br> v. <br> <br> JEFFREY ROSEN in his official <br> capacity as the Acting Attorney General of <br> the United States, *et al.*, <br> <br> Defendants. | Cause No. 2:20-cv-00630-JMS-DLP |

**DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

Having now failed several times to enjoin the lawful execution of other prisoners in other facilities, plaintiffs now bring this unsupported and legally erroneous motion for contempt in an eleventh-hour attempt to halt sentences with which they disagree. Defendants have complied with this Court's order to "enforce mask requirements for all staff participating in the executions." Plaintiffs have not shown that defendants violated this Court's preliminary injunction, and they have not shown any entitlement to the relief they request.

A contempt finding would be inappropriate because plaintiffs have not satisfied their burden of showing that defendants failed to comply with this Court's order. To show that defendants violated a court order, and thus to permit the Court to hold defendants in contempt, the plaintiffs must make four showings. "(1) the Order sets forth an unambiguous command; (2) [defendants] violated that command; (3) [defendants'] violation was significant, meaning it did not substantially comply with the Order; and (4) [defendants] failed to take steps to reasonabl[y] and diligently comply with the Order." *Prima Tek II, L.L.C. v. Klerk's Plastic Indus.*, B.V., 525

F.3d 533, 542 (7th Cir. 2008). Plaintiffs cannot satisfy those requirements.

First, defendants' compliance with the plain language of this Court's preliminary injunction makes contempt improper. Plaintiffs cannot show that the preliminary injunction set forth an "unambiguous command" that would forbid the two staff members in the execution chamber from removing their masks if operational concerns justified it. The order to "enforce mask requirements for all staff participating in the executions" did not define the term "mask requirements" and set forth the exact circumstances in which masks must be worn. Indeed, this Court and the plaintiffs were already on notice that staff members within the execution chamber removed their masks after the curtains were raised that separated the execution chamber from adjacent chambers. ECF No. 33-2 ¶ 6. As the attached declaration of Rick Winter makes clear, the same was true for the execution of Corey Johnson. Winter Decl. ¶ 6–7. It was necessary for those staff members to remove their masks for clear communication, including ensuring that there were no legal impediments to proceeding with the execution. *Id.* ¶¶ 6–8. And contrary to plaintiffs' so-called evidence, that declaration makes clear that the removal of masks was only temporary and to effectuate those purposes. If plaintiffs believed that this past documented practice was not adequate to "enforce mask requirements," they should have moved this Court for clarification. Nothing in the Court's order purported to prohibit staff from removing their masks for operational concerns, especially those as important as ensuring that the execution can lawfully proceed. For the same reason, plaintiffs cannot show that there was any violation of the terms of the injunction.

Likewise, plaintiffs cannot show substantial noncompliance, which is necessary for a finding of contempt. Even if the injunction were interpreted to prohibit staff from removing a mask temporarily to communicate more clearly at a critical juncture—when only four people,

including the condemned, are in the room—the temporary removal of the masks is not sufficient noncompliance to justify a finding of contempt. Likewise, defendants' efforts to comply with the injunction have been reasonable and diligent, and plaintiffs cannot show that the mission-critical temporary removal of two staff members' mask shows a failure to reasonably and diligently make efforts to comply. For those reasons, plaintiffs have not satisfied any of the requirements necessary for a contempt finding.

Not only have they failed to show that defendants violated the injunction at all, but their requested relief is inappropriate and abusive. They have not shown that the halting of the imminent execution is tailored at all to the alleged violation of the preliminary injunction or any harms that will allegedly result from it. Even when dealing with legal challenges from the inmates actually facing execution, the Supreme Court has repeatedly made clear that "'[l]ast-minute stays' … 'should be the extreme exception, not the norm.'" *Barr v. Lee*, 140 S. Ct. 2590, 2591 (2020) (quoting *Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019)). If plaintiffs believed that they face substantial danger of contracting COVID if officials in the execution chamber remove their masks while giving directions—a practice of which defendants were already on notice—they would be seeking an order for those officials to keep their masks on during that time period. Instead, they have brought yet another in their long line of attempts to use COVID as a means of prohibiting lawful capital sentences from being carried out.

Plaintiffs have not proven any noncompliance with the Court's preliminary injunction, let alone any actions that could sustain a contempt finding. This Court should not excuse plaintiffs from their burden and should not order an extraordinary remedy unrelated to the harms plaintiffs allegedly fear.

Dated: Jan. 15, 2021　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　JOHN C. CHILDRESS
　　　　　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　　　　　　Shelese Woods
　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　　　　Brigham J. Bowen
　　　　　　　　　　　　　　　　　　　　　Assistant Director

　　　　　　　　　　　　　　　　　　　　　*/s/ Jordan L. Von Bokern*
　　　　　　　　　　　　　　　　　　　　　Lisa A. Olson
　　　　　　　　　　　　　　　　　　　　　Jordan L. Von Bokern
　　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　　　　　　　1100 L Street, N.W.
　　　　　　　　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　　　　　　　　(202) 305-7919
　　　　　　　　　　　　　　　　　　　　　Lisa.Olson@usdoj.gov
　　　　　　　　　　　　　　　　　　　　　Jordan.L.Von.Bokern2@usdoj.gov

　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 15, 2021, the foregoing was filed electronically through ECF/CM.  On this same date, electronic service will be made to all counsel of record through the Court's ECF/CM system.

                                              */s/ Jordan L. Von Bokern*
                                              Jordan L. Von Bokern
                                              Trial Attorney