UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PATRICK R. SMITH and<br>BRANDON S. HOLM, individually and<br>on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MONTY WILKINSON, in his official<br>capacity as the Acting Attorney General<br>of the United States, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No. 2:20-cv-00630-JMS-DLP |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs, two inmates at the Federal Correctional Institution - Terre Haute, filed a lawsuit seeking to halt federal executions scheduled for December 8, December 10, and December 11, 2020; and executions scheduled for January 14 and January 15, 2021. (ECF No. 1 ¶ 6.) Those executions have now taken place and, accordingly, Plaintiffs' claims are moot.

**BACKGROUND**

Plaintiffs filed their Complaint on November 25, 2020. (ECF No. 1.) At that time, five federal executions were scheduled to take place in December 2020 and January 2021: Brandon Bernard on December 10, 2020; Alfred Bourgeois on December 11, 2020; Lisa Montgomery on January 12, 2021; Cory Johnson on January 14, 2021; and Dustin Higgs on January 15, 2021. (ECF No. 1 ¶¶ 68-69.)

Plaintiffs alleged in their Complaint that declaratory and injunctive relief was necessary to protect them from serious and substantial risks to their health "due to Defendants' plan to open the doors of the [FCC Terre Haute] to scores of outside visitors in connection with the upcoming

scheduled executions." (ECF No. 1 ¶ 1.) Plaintiffs therefore made what they deemed a "modest request" "that the "scheduled executions be enjoined until the threat of the COVID-19 pandemic has passed." (ECF No. 1 ¶ 8; *see also id.* at 15(G) ("There is no need to conduct executions in December 2020 or January 2021.").) Those executions have now taken place. *See, e.g., Bernard v. Watson*, 2:20-cv-00616-JRS-DLP (ECF No. 27 (dismissing habeas petition as moot on basis that execution had taken place)); *United States v. Lisa Montgomery*, Case No. 08-1780 (8th Cir.) (Entry dated Jan. 13, 2021 ("Prisoner Executed")); *Higgs v. Trump*, 1:20-cv-03794 (D. D.C.) (Minute Order dated February 1, 2021 (ordering case dismissed as moot based on execution)); *In re: Corey Johnson*, Case No. 21-2 (4th Cir.) (Entry dated January 22, 2021 dismissing petition as moot based on execution)).

## STANDARD ON MOTION TO DISMISS FOR MOOTNESS

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims for lack of subject matter jurisdiction. While a court deciding a Rule 12(b)(1) motion may accept the truth of the allegations in the complaint, it should look beyond the complaint's jurisdictional allegations and view whatever evidence has been submitted on the issue to determine whether subject matter in fact exists. *See, e.g.*, *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The party asserting the existence of subject matter jurisdiction bears the burden of demonstrating by competent proof that such jurisdiction in fact exists. *See Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *see also Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). A Rule 12(b)(1) motion may be raised at any time, either by party or by the Court sua sponte. Fed. R. Civ. P. 12(h).

Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies." *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). The Court's

jurisdiction, therefore, depends on "an actual controversy [that] must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). Thus, if the controversy defined by a legal claim is no longer live, or the parties lack a legally cognizable interest in the outcome, the claim is moot, and the court must dismiss for want of jurisdiction. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) ("Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions,' . . . our impotence 'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'") (citations omitted); *see also Rembert v. Sheahan*, 62 F.3d 937, 940 (7th Cir. 1995) ("Because a moot case does not present a 'case or controversy' under Article III, a finding of mootness deprives a federal court of the authority to act.") (citation omitted).

A claim of mootness is a "nonwaivable question of subject matter jurisdiction," and therefore properly raised in a motion pursuant to Rule 12(b)(1). *See South-Suburban Housing Center v. Greater S. Suburban Bd. of Realtors*, 935 F.2d 868, 880 n.12 (7th Cir. 1991). When considering whether it has subject matter jurisdiction, a "district court may consider whatever evidence has been submitted on this issue to determine whether in fact subject matter jurisdiction exists." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

**ARGUMENT**

Plaintiffs' Complaint challenges the executions scheduled for December 2020 and January 2021, which have now taken place. Their only requested relief was that the Court enjoin the "scheduled executions," but those executions have now passed. And there are no more federal executions scheduled at this time. Accordingly, there is nothing for the Court to enjoin

and this case must be dismissed. *See e.g., Wernsing v. Thompson,* 423 F.3d 732, 744–45 (7th Cir. 2005) (holding that "once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot.").

The issue of mootness has particular relevance where, as here, the relief the plaintiffs sought was a preliminary injunction. *Citizens for Appropriate Rural Roads, Inc. v. Foxx*, 14 F. Supp. 3d 1217, 1230 (S.D. Ind. March 31, 2014) ("For a preliminary injunction to be effective, it must be issued prior to the event the movant wishes to prevent. Once the event in question occurs, any possible use for a preliminary injunction is expired." (citing *Kehoe v. Housing Authority of South Bend*, 683 F.3d 844, 845 (7th Cir. 2021)). The Plaintiffs here aimed to stop the December and January executions through two motions for preliminary injunction. The Court denied their requests to enjoin the executions, but as to the second motion granted limited relief in its Order dated January 7, 2021 (ECF No. 55). Specifically, the preliminary injunction order, issued on January 7, 2021, enjoined the Defendants from carrying out executions "in the next 60 days" without implementing certain policies, including contact tracing and testing for 14 days after an execution for any FCC – Terre Haute staff member who tests positive for COVID-19 during that 14-day period. (ECF No. 56.) The executions have taken place and the 14-day period has now expired. The Order denying Plaintiffs' Motion for Contempt (ECF No. 65) also applied only to the January 15, 2021, execution. Because the events in question have now taken place, and the Court's orders have by their own terms expired, the case is moot. *See Citizens for Appropriate Rural Roads*, 14 F. Supp. 3d at 845.

Plaintiffs may argue that they are challenging any and all possible future executions that may take place, but this claim is too tenuous to support jurisdiction as there is no "reasonable expectation" at this time that a federal execution will be scheduled in the near future. *Murphy v.*

*Hunt*, 455 U.S. 478, 482 (1982) (exception to mootness doctrine for wrongs capable of repetition but evading review must be founded on "reasonable expectation" and more than "a mere physical or theoretical possibility"). Moreover, the Complaint and the Court's orders in this case make clear that this case involves only the executions scheduled for December 2020 and January 2021, and not to other hypothetical executions to be scheduled at an unknown date in the future. (*See* ECF No. 37 at 1 (discussing executions of five inmates in December and January; acknowledging plaintiffs' request "to enjoin all five executions until the threat of the pandemic has passed"); ECF No. 55 (issuing injunction for only 60 days).) Should another federal execution be scheduled in the future, the Bureau of Prisons is required by policy to provide advanced notice to the defendant, and no such notice has been provided at this time. *See* 28 C.F.R. § 26.4.

Finally, circumstances surrounding the COVID-19 pandemic are changing rapidly. Since the Plaintiffs' lawsuit was filed, the vaccine has now been offered to all staff at the Federal Correctional Complex – Terre Haute and doses are also being administered to inmates at FCC – Terre Haute through a priority system. https://www.bop.gov/coronavirus/# (visited Feb. 17, 2021).[1] Accordingly, any opinion issued by the Court on this issue in the future would be merely advisory and would likely not apply to any future executions, which is the harm that the mootness doctrine was intended to prevent. *H.P. ex rel. W.P. v. Naperville Cmty. Unit Sch. Dist. #203*, 910 F.3d 957, 960 (7th Cir. 2018) (holding that a case becomes moot when the court's

---

[1] According to the BOP's website, 346 inmates at FCC – Terre Haute have now received full inoculations. https://www.bop.gov/coronavirus/# (visited Feb. 17, 2021). Further, as of February 17, 2021, there are only 24 confirmed, active COVID-19 cases (11 inmates; 13 staff) in the FCI – Terre Haute. By comparison, when Defendants responded to the Plaintiffs' Motion for Preliminary Injunction on December 4, 2020, the website showed 153 current, active cases of COVID-19 among FCI inmates and 18 positive cases among staff. https://experience.arcgis.com/ (DOJ-OIG website (visited Feb. 17, 2021).)

5

decision no longer affects the rights of litigants and "simply would be an opinion advising what the law would be upon a hypothetical state of facts").)

## CONCLUSION

For the foregoing reasons, the Court must dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

*s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney

Brigham J. Bowen
Assistant Director

Lisa A. Olson
Jordan L. Von Bokern
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20001
(202) 305-7919
Lisa.olson@usdoj.gov
Jordan.L.Von.Bokern2@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2021, the foregoing was filed electronically through ECF/CM. On this same date, electronic service will be made to all counsel of record through the Court's ECF/CM system.

                                              *s/ Shelese Woods*
                                              Shelese Woods
                                              Assistant United States Attorney